Filed 7/18/16  In re G.C. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re G.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064674 |
| v. | (Super.Ct.No. J260689) |
| G.C., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

A.     PROCEDURAL HISTORY

On June 9, 2015, the San Bernardino County District Attorney filed a petition to declare defendant and appellant G.C. (minor) a ward of the court. (Welf. & Inst. Code, §602, subd. (a).) The petition alleged that on or about April 15, 2015, minor committed a battery against another minor, N.D. (the victim), under Penal Code section 242.

On August 12, 2015, after a one-day jurisdictional hearing, the juvenile court found true the allegations in the petition. On September 9, 2015, the court ordered minor to be placed on summary probation under Welfare and Institutions Code, section 725, subdivision (a). The court placed minor in the custody of her mother rather than declaring minor a ward of the court.

On October 14, 2015, minor filed a timely notice of appeal. (Cal. Rules of Court, rule 8.405, subd. (a)(1).) On October 26, 2016, minor timely filed an amended notice of appeal.

On February 19, 2016, minor's probation officer recommended minor be discharged from probation. On March 3, 2016, the juvenile court found minor satisfactorily completed probation; minor was discharged from probation, the petition was dismissed, and all records were ordered to be sealed. (Welf. & Inst. Code, § 786, subd. (a), (b).)

2

B.     FACTUAL HISTORY

On April 15, 2015, minor and the victim became involved in a fight at school. Minor approached the victim and grabbed her hair. The two then exchanged blows; minor hit the victim two to four times.

The question at the jurisdictional hearing was whether minor's initiation of the fight was justified because minor believed that the victim and her friends planned to "jump" minor at a later time.

The victim and minor were 12 and 13 years old, respectively, at the time of the hearing. Minor was taller and larger than the victim. The girls shared five daily class periods together. They started having problems with one another approximately five weeks into the school year.

The day before the incident, minor and the victim had a dispute during their third period class. Minor had told the victim to stay away from her. At some point, the victim made a movement or gesture that caused both minor and their teacher to believe that the victim was challenging minor to a fight. The victim testified this was a misunderstanding; the teacher called her name, and she was just standing up to go get paperwork.

When the victim stood up, minor told the victim to "get down." Shortly thereafter minor began to cry; she went to the assistant principal's office. The assistant principal called the victim into his office, where she stayed for the rest of the school day.

The victim admitted during testimony that the assistant principal kept her in his office because she "had issues with the other girls in [class] and [minor]." The victim

3

understood this to mean that she was pulled from class so she would leave minor alone. She later stated testified she was pulled from class for her own safety.

The next day, the victim was walking to her first period class; she saw minor with two friends out of the corner of her eye. Minor approached the victim from the side and pulled the victim's hair. The victim said, "Let go of my hair." Minor responded, "I'm tired of you talking about my grandma." Minor hit the victim in the eye and the girls began hitting each other. The victim was struck more than once, but less than five times.

Officer Ronan Colleoc conducted an interview with minor under *In re Gladys R.* (1970) 1 Cal.3d 855. (Pen. Code, § 26, subd. (1).) Minor told Officer Colleoc that she knew the difference between right and wrong. She receives punishment when she does something wrong. When asked for example of things that are right and wrong, minor stated that being a good citizen is right and lying is wrong. Minor told Officer Colleoc that her school and parents have not taught her anything about fighting generally. Her mother, however, told her it was wrong to hit another person first. Minor's guardian, her adult sister, testified that she has told minor it is wrong to fight people.

Minor testified. She stated that she was friends with the victim and the victim's older sister, T.D. T.D. wanted a romantic relationship with minor, but minor was not interested. After minor rejected T.D.'s advances, the victim began saying negative things about minor. This started about five weeks into the school year. From thereon, the victim and her siblings bullied minor.

4

Before the incident, minor heard the victim say, "Oh, me and my squad is gonna beat your A." Minor understood this to mean that the victim and a group of girls were going to "jump" minor; minor was scared for her safety.

Minor reported the threats to teachers; she was told to "talk it out" with the victim. Minor had also gone and discussed her concerns many times with the assistant principal, including on the day before the fight. Minor's mother had gone to the school to talk about the victim and her siblings and friends bullying minor.

Minor testified that she decided that her best option was to fight the victim alone. Otherwise, five or six people would attack her at once. Minor admitted to pulling the victim's hair first. She also admitted to doing this, in part, out of anger. Her primary motivation, however, was to avoid being attacked by the victim and her "squad."

In the probation report, the probation officer concluded, "[a]fter investigation it appears the minor may truly be the victim in the case." The conclusion was reached after the probation officer discovered disciplinary actions taken by the school against the victim and her siblings. During the current school year, the victim had 23 entries including multiple disciplinary actions for bullying and "causing, attempting, or threatening personal injury." The victim's twin brother had 24 entries, including one for possessing a knife or dangerous weapon and multiple disciplinary actions for "causing, attempting, or threatening physical injury." The victim's older sister had 16 disciplinary entries, including one for harassment or intimidation, two for horseplay and multiple actions for "causing, attempting, or threatening physical injury"; and two incidents of bullying (one of which involved minor as the victim).

**DISCUSSION**

After minor appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, but she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.

6